UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JON JONES, ET AL.,

        Plaintiffs,

  -against-

ERIC T. SCHNEIDERMAN, ET AL.,

        Defendants.

------------------------------------------------------------X

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/16/2012
```

11 Civ. 8215 (KMW)
**OPINION and ORDER**

KIMBA M. WOOD, U.S.D.J.:

    Jonathan Lee Riches ("Movant"), appearing *pro se*, moves to intervene in this litigation pursuant to Federal Rules of Civil Procedure ("FRCP") 24(a)(2) and 24(b). (Dkt. No. 29.) For the following reasons, the Court denies his motion.

    Pursuant to FRCP 24(a)(2), a movant is entitled to intervene when he "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect [his] interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Second Circuit has held that "for [a movant's] interest to be cognizable under Rule 24(a)(2), it must be 'direct, substantial, and legally protectable.'" *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 129 (2d Cir. 2001) (quoting *Washington Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990)). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Washington Elec.*, 922 F.2d at 97. "Allegations

1

that are frivolous on their face need not be considered by the court." *United Parcel Serv. of Am., Inc. v. Net, Inc.* 225 F.R.D. 416, 421 (E.D.N.Y. 2005) (Spatt, J.).

Movant claims that he may intervene as of right in the case at bar because, *inter alia*, he suffered emotional distress during his incarceration when denied access to MMA programming on television. The Court finds his claims to be frivolous and without merit. Movant lacks any cognizable interest in the litigation, and the claims he asserts have no relevance to the instant action. The Court notes that this action is but one of over three thousand actions in federal courts in which Movant has sought to intervene. *See In re DJK Residential LLC*, No. 08–10375 (JMP), 2009 WL 2902569, at *1, *3 (Bankr. S.D.N.Y. May 12, 2009) (Peck, B.J.).

Pursuant to FRCP 24(b), a court may permit a movant to intervene when he has a claim "that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). District courts have "broad discretion" in deciding whether to grant permissive intervention. *Berroyer v. United States*, No. 10–cv–3888 (ADS)(ARL), 2012 WL 1586758, at *1, *3 (E.D.N.Y May 5, 2012) (Spatt, J.). Because Movant has not stated a cognizable interest in the litigation, the Court declines to exercise its discretion to permit intervention.

Accordingly, the Court DENIES Movant's motion.

SO ORDERED.

DATED:   New York, New York
         August 13, 2012

                              _____
                              KIMBA M. WOOD
                              United States District Judge